UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-00404-KK-AGRx** | Date: | March 4, 2026 |
|---|---|---|---|

| Title: | ***Enmanuel De Jesus Medrano-Rocha v. Ernesto Santacruz Jr.*** |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order GRANTING Request for Preliminary Injunction [Dkt. 4] and DISCHARGING Order to Show Case re Preliminary Injunction [Dkt. 8]**

# I.
## INTRODUCTION

On January 23, 2026, the Court granted petitioner Emmanuel De Jesus Medrano-Rocha's ("Petitioner") Motion for a Temporary Restraining Order ("TRO") and ordered respondent Ernesto Santacruz Jr. ("Respondent") to show cause as to why a preliminary injunction should not be issued. Dkt. 8 ("TRO Order"). On January 26, 2026, Respondent filed a Response to the Court's TRO Order. Dkt. 9, Response ("Resp."). On February 16, 2026, Petitioner filed a Reply to Respondent's Response. Dkt. 10, Reply.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **GRANTS** Petitioner's request for a preliminary injunction.

# II.
## BACKGROUND

**A.    RELEVANT FACTS**

The Court incorporates the facts set forth in its TRO Order. TRO Order at 1-2.

///

**B.     PROCEDURAL HISTORY**

On January 15, 2026, Petitioner filed the operative First Amended Petition ("FAP") against Respondent, seeking an order releasing him from custody and prohibiting Respondent from re-detaining him without a pre-detention hearing.  Dkt. 2, FAP at 7.

On January 21, 2026, Petitioner filed a Motion for a TRO ("Motion").  Dkt 4, Motion ("Mot.").  On January 23, 2026, the Court granted the Motion, finding Petitioner is likely to succeed on the merits of his claim and has established irreparable harm, and the balance of equities and public interest weigh in favor of him.  TRO Order at 3-6.  The Court thus ordered Respondent to immediately release Petitioner from custody, enjoined Respondent from re-detaining Petitioner without a pre-detention hearing before a neutral decisionmaker, and ordered Respondent show cause as to why a preliminary injunction should not be issued.  Id. at 8.

On January 26, 2026, Respondent filed a Response to the Order to Show Cause why the Court should not issue a preliminary injunction.  Resp.  In their Response, Respondent confirm the release of Petitioner from ICE custody and argue the case is moot.  Id. at 2-3.

On February 16, 2026, Petitioner filed a Reply.  Reply.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Under Federal Rule of Civil Procedure 65, the Court may grant a preliminary injunction provided there is "notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  A preliminary injunction is "an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  Id. (quotations omitted) (quoting Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 542 (1987)).

The party seeking such relief must establish: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities weighs in its favor; and (4) the injunction is in the public interest ("Winter factors").  See id. at 20.  Courts in the Ninth Circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard."  Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified).  Under the serious questions standard, the four Winter elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another."  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

///

///

///

# IV.
# DISCUSSION

In issuing the TRO, the Court found Petitioner made a sufficient showing under each of the Winter factors. See generally TRO Order; see Winter, 555 U.S. at 22. Respondent does not challenge the Court's finding on the Winter factors. Resp. The Court therefore sees no reason to depart from its previous analysis and incorporates the Court's previous analysis and findings herein.

Respondent now argues there is no cause for a preliminary injunction because the FAP's claim and request for injunctive relief are now moot.

## A.    APPLICABLE LAW

Courts have an obligation to consider mootness and should deny requested relief where it is superfluous. In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005). "A case becomes moot – and therefore no longer a 'case' or 'controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citing Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013)).

"Under Supreme Court and Ninth Circuit precedent, temporary relief, up to and including a petitioner's release, does not render a case moot." Arab v. Noem, No. EDCV 26-00286-JWH-DSRx, 2026 WL 425693 (C.D. Cal. Feb. 13, 2026) (internal quotations marks and citation omitted). "[I]f a petitioner challenges the validity of his underlying conviction, the collateral consequences of that conviction may be sufficient to overcome mootness despite [petitioner's] release." Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997). Without preliminary injunctive relief, a petitioner may face "the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months or years to resolve." Cruz v. Lyons, No. EDCV 25-02879-MCS-MBKx, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025); see Nielsen v. Preap, 586 U.S. 392, 403 (2019) (noting release does not moot a habeas petition where petitioners "faced the threat of re-arrest and mandatory detention"); Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 174 (2000) ("A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case.").

## B.    ANALYSIS

Here, the Court the habeas petition and request for preliminary injunctive relief are not moot. Respondent contends "Petitioner's release moots his request for a preliminary injunction." Resp. at 2. However, temporary relief does not moot a habeas petition, particularly when Respondent does not provide any assurance they will not inflict the same injury after the TRO expires. See Sarkisyan v. Noem, No. CV 26-00504-SPG-ADSx, 2026 WL 413638, at *3 (C.D. Cal. Feb. 10, 2026) ("Because a TRO involves no final determination of the merits and has no continuing effect beyond the initial 14-day period, there may still be a live controversy as to any remaining requests for relief."); Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) (calling fear of re-detention "ripe" when government "refused to provide any assurance that [petitioner would] not be re-arrested"); Rodriguez v. Kaiser, No. 1:25-CV-01111-KES-SAB (HC), 2025 WL 2855193, at *5-8 (E.D. Cal. Oct. 8, 2025) (entering preliminary injunction enjoining government from re-detaining petitioner without a pre-detention hearing after previously granting TRO); Arzate v. Andrews, No. 1:25-CV-00942-KES-SKO (HC), 2025 WL 2411010, at *3-9 (E.D. Cal. Aug. 20, 2025) (same).

While Respondent has complied with this Court's TRO Order to release Petitioner from detention, Respondent fails to meet the heavy burden of persuading this Court "that the challenged conduct cannot reasonably be expected to start up again." Friends of the Earth, Inc., 528 U.S. at 189 (2000). Hence, the threat of re-arrest and detention continues to exist as the underlying habeas petition is adjudicated. Nielsen, 586 U.S. at 403; Davidson v. Kimberly-Clark Corp., 889 F.3d, 956 967 (9th Cir. 2018). Moreover, the underlying Petition is not moot because this Court did not grant all of Petitioner's requested relief. TRO Order at 8; cf. FAP at 7; see also Nevada v. United States, 783 F. App'x 700, 703 (9th Cir. 2019) ("If it has become impossible for us to grant 'any effectual relief whatever,' then the cause has become moot." (citation omitted)).

## V.
## CONCLUSION

The Court thus finds Petitioner has shown cause for a preliminary injunction.    For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. Petitioner's request for a preliminary injunction is **GRANTED**;
2. Respondent is **ORDERED** not to remove Petitioner from the Central District of California pending final resolution of this case; and
3. Respondent is **PRELIMINARILY ENJOINED** from detaining Petitioner without first providing him notice and a pre-deprivation hearing before a neutral decisionmaker, at which Respondent must demonstrate a material change in circumstances that justifies detention.

This Order shall remain in effect until further order by the Court. Failure to comply with this Order will result in sanctions. Pursuant to General Order No. 05-07, further proceedings on the merits of the petition are referred to the Magistrate Judge.

**IT IS SO ORDERED**.