UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-00404-KK-SSCx** | Date: | September 15, 2026 |
|---|---|---|---|
| Title: | ***Enmanuel De Jesus Medrano-Rocha v. Ernesto Santacruz Jr.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order GRANTING Petition for Writ of Habeas Corpus [Dkt. 1]**

## I.
## INTRODUCTION

On January 15, 2026, petitioner Enmanuel De Jesus Medrano-Rocha ("Petitioner") filed the operative First Amended Petition for Writ of Habeas Corpus ("First Amended Petition") against respondent Ernesto Santacruz Jr. ("Respondent"). ECF Docket No. ("Dkt.") 2, First Amended Petition ("FAP"). On May 22, 2026, Respondent filed an Answer to the FAP. Dkt. 14, Answer.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Petition is **GRANTED**.

## II.
## BACKGROUND

The Court incorporates the factual background set forth in its January 23, 2026 Order granting Petitioner's Motion for a Temporary Restraining Order ("Motion"). See Dkt. 8 at 1-2.

On January 15, 2026, Petitioner filed the operative First Amended Petition arguing his re-detention in immigration custody without notice or a pre-detention hearing violated the Due Process Clause of the Fifth Amendment ("Due Process Clause"). FAP at 6. Petitioner requested, among other forms of relief, a permanent injunction prohibiting Respondent from re-detaining him absent a bond hearing on the merits where the government must prove by clear and convincing

evidence that Petitioner is a danger to the community and a flight risk such that his physical custody is required. Id. at 7.

On January 21, 2026, Petitioner filed the Motion, seeking a temporary restraining order ("TRO") to release him from Respondent's custody, enjoin Respondent from re-detaining him without notice and a pre-detention hearing, and order Respondent to show cause as to why the Court should not issue a preliminary injunction. Mot. at 1.

On January 22, 2026, Respondent filed an Opposition to Petitioner's Motion. Dkt. 7.

On January 23, 2026, the Court granted the Motion, ordered Respondent to release Petitioner from their custody, enjoined Respondent re-detaining Petitioner without providing him a pre-detention hearing before a neutral decisionmaker where Respondent bears the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger such that his physical custody is required, and ordered Respondent to show case why the Court should not issue a preliminary injunction. Dkt. 8 at 8.

On January 26, 2026, Respondent filed a Notice of Compliance and Response confirming Petitioner was released from custody pursuant to the Court's January 23, 2026 Order and arguing that Petitioner's release mooted the Petition. Dkt. 9, Response. On February 16, 2026, Petitioner filed a Reply. Dkt. 10.

On March 4, 2026, the Court granted Petitioner's request for a preliminary injunction, rejecting Respondent's argument that Petitioner's release rendered the Petition and request for preliminary injunctive relief moot. Dkt. 11 at 3-4.

On March 11, 2026, the Magistrate Judge issued an Order requiring Respondent to respond to the FAP. Dkt. 12.

On May 22, 2026, Respondent filed an Answer to the FAP, arguing again that Petitioner's release pursuant to the Court's January 23, 2026 Order renders the Petition moot. Answer.

This matter, thus, stands submitted.

## III.
## DISCUSSION

In granting Petitioner's Motion, the Court found Petitioner's re-detention without notice or an opportunity to be heard likely violated Petitioner's right to procedural due process. Dkt. 8 at 3-8. Respondent does not challenge the Court's findings on the merits of Petitioner's claim. See generally Answer; see also Response. Instead, Respondent only argues once more that the Petition is moot in light of Petitioner's release from custody. Answer at 2-4; Response at 1-2. As explained both in the Court's March 4, 2026 Order and below, the Court rejects that argument. Accordingly, the Court finds Petitioner is entitled to additional injunctive relief.

///

///

## A. THE PETITION IS NOT MOOT

### 1. Applicable Law

Courts have an obligation to consider mootness and should deny requested relief where it is superfluous. In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005). "A case becomes moot – and therefore no longer a 'case' or 'controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citing Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013)).

The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Wallingford v. Bonta, 82 F.4th 797, 805 (9th Cir. 2023) (citation modified) (quoting Nw. Env't Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also Chen v. Allstate Ins. Co., 819 F.3d 1136, 1145 (9th Cir. 2016) ("[A] claim becomes moot once the plaintiff actually receives all of the relief to which he or she is entitled on the claim."); NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when plaintiffs were already granted the relief they sought). "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 174 (2000).

### 2. Analysis

Here, Petitioner was released from immigration custody only pursuant to the Court's January 23, 2026 Order granting a temporary restraining order. See Dkt. 8; Response. The preliminary relief granted by the Court's January 23, 2026 Order is thus, by definition, temporary pending the resolution of this litigation. See Cruz v. Lyons, No. EDCV 25-02879-MCS-MBKx, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025) (finding a petitioner's release pursuant to a temporary restraining order did not moot her underlying habeas petition). Notably, Respondent provides no indication, let alone an "absolutely clear" assurance, that it will not re-detain Petitioner without procedural safeguards pursuant to its purported authority under 8 U.S.C. § 1226. Already, LLC, 568 U.S. at 91 (citation modified) (quoting Friends of the Earth, Inc., 528 U.S. at 190); see generally Dkt. 12. Therefore, absent a ruling on the Petition, Petitioner continues to "face[] the threat of re-arrest and mandatory detention." Nielsen v. Preap, 586 U.S. 392, 403 (2019) (holding detainees' release on bond did not moot their detention claims); see also Renee v. Duncan, 686 F.3d 1002, 1016 (9th Cir. 2012) ("[A] temporary halt to unlawful action does not moot a claim for injunctive relief.").

Further, as the Court has already found Petitioner's detention violated his right to procedural due process, Respondent may not re-detain him pursuant to 8 U.S.C. § 1226 without procedural protections. Because "[t]his would place Petitioner in a far different situation from his current one," Petitioner "retains a personal stake" in the outcome of the Petition. Rodriguez v. Hayes, 591 F.3d 1105, 1117 (9th Cir. 2010), abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018); see also Diouf v. Napolitano, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011) (applying voluntary-cessation exception to mootness to a petitioner's claims where the petitioner had been released on bond), abrogated on other grounds by Johnson v. Arteaga-Martinez, 596 U.S. 573 (2022).

Hence, consistent with the weight of the case law in this District, the Court finds Petitioner's release from Respondent's custody does not moot the Petition. See Y.L.S. v. Santacruz, No. EDCV 25-02927-CV-MBKx, 2026 WL 734586, at *4 (C.D. Cal. Feb. 5, 2026) (collecting cases), report and recommendation adopted, No. EDCV 25-02927-CV-MBKx, 2026 WL 710388 (C.D. Cal. Mar. 13, 2026).

### B. PETITIONER IS ENTITLED TO ADDITIONAL INJUNCTIVE RELIEF

Turning to the merits of the Petition, for the same reasons set forth in the Court's January 23, 2026 and March 4, 2026 Orders, the Court finds Petitioner is entitled to an injunction prohibiting Respondent from re-detaining him under 8 U.S.C. § 1226 without notice and an opportunity to be heard. Dkt. 8 at 3-8; Dkt. 11 at 3-4. Given Respondent's repeated failure to oppose the merits of Petitioner's due process claim, the Court sees no reason to depart from its previous analysis. See generally Answer; Response.

Accordingly, in light of the absence of procedural safeguards afforded to Petitioner in connection with his re-detention, the Court finds Petitioner is entitled to an injunction prohibiting Respondent from re-detaining him under 8 U.S.C. § 1226 without procedural protections.

## IV.
## CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**; and
2. Respondent is permanently **ENJOINED** from re-detaining Petitioner under 8 U.S.C. § 1226 without providing him a pre-detention hearing before a neutral decisionmaker where Respondent bears the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger such that his physical custody is required.

**IT IS SO ORDERED**.